UNITED STATES of America,
Plaintiff–Appellee,

v.

Hovsep MIKAELIAN, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Hovsep Mikaelian, aka Mike Mikaeli-
an, aka Joe McLean, aka Mike, aka
Joseph, Defendant–Appellant.

United State of America,
Plaintiff–Appellee,

v.

Hovsep Mikaelian, Defendant–
Appellant.

No. 99–50761, 99–50764, 99–50765.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Jan. 24, 2002.

Before FERGUSON, T.G. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

In this case, we are asked to decide whether the district court erred in Hovsep Mikaelian's remanded sentencing hearing. The hearing was conducted pursuant to a remand order in *United States v. Hovsep Mikaelian*, 168 F.3d 380 (9th Cir.), *amended by* 180 F.3d 1091 (9th Cir.1999) [hereinafter *Mikaelian I*]. We affirm in all respects. Because the parties are familiar with the facts and prior proceedings, we do not restate them unless necessary.

## DISCUSSION

### I. Evidentiary rulings

Mikaelian contends that the district court denied him due process through a series of erroneous evidentiary rulings that prevented the district court from properly determining one of the primary issues on remand: whether the government acted in bad faith when it refused to file a motion for downward departure. We hold that the district court only abused its discretion when it 1) prevented defense counsel from questioning AUSA Steven Larson about letters written by defense counsel to Larson and co-defendants; and 2) prevented defense counsel from asking IRS case agent Kathryn Montemorra whether Mikaelian provided incriminating information about co-defendants or whether co-defendants pleaded guilty thereafter. These rulings prevented Mikaelian from eliciting testimony that could have established whether Mikaelian provided assistance to the government in the form of plea inducement. We hold, however, that these errors were harmless because other factual findings are sufficient to support a determination that Mikaelian did *not* provide substantial assistance (and that the government thus did not act in bad faith), regardless of Mikaelian's cooperation in inducing guilty pleas. *See infra* Part III.

### II. Discovery motions

Mikaelian argues that the district court erred in denying his discovery motions. Mikaelian first made a general request for discovery of information surrounding the government's knowledge of Mikaelian's inconsistencies and misrepresentations at the debriefing sessions, and then requested discovery under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), of materials surrounding the meeting with the paralegal. We hold that the district court did not abuse its discretion in denying the general request for discovery on the ground that it was untimely. We also hold that the district court did not err in denying the *Brady* request for discovery, for the record does not show that evidence relating to the government's contact with paralegal Seta Mikaelian—including Larson's declaration regarding the paralegal—is exculpatory. *See Ortiz v. Stewart*, 149 F.3d 923, 935–36 (9th Cir.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**694**

1998) (holding that record must show that evidence is exculpatory for defendant to establish *Brady* violation).

III. Substantial assistance and bad faith

■ The district court found that the government "did not breach the plea agreement either on the question of a downward departure or on the question of whether or not there was cooperation." It also found that Mikaelian did not provide substantial assistance because he did not provide truthful information or useful evidence. We hold that these findings are supported by the record. The debriefing report indicates at a minimum that Mikaelian denied drug trafficking activities in the face of FBI physical surveillance and multiple source information to the contrary; provided little information concerning an individual about whom the government believed Mikaelian possessed much knowledge; and provided at least three separate and inconsistent versions of his relationship with a co-defendant and of that co-defendant's involvement in criminal activity. Both Montemorra and Larson testified that Mikaelian frequently misrepresented facts, provided vague or confusing information, gave inconsistent answers, and revealed what he believed the government already knew. Mikaelian has not offered any evidence disproving the report and the government testimonies.

IV. Safety valve relief

Mikaelian argues that the district court should have considered his motion for sentencing under the "safety valve," U.S.S.G. § 5C1 .2. The district court properly denied the motion on the ground that it was outside the scope of the remand order.

V. Sentencing accord

■ Mikaelian claims that after the first panel decision but before the commencement of the remanded hearing, the government agreed to seek a reduction of his sentence from 168 to 108 months. Mikaelian argues that the district court erred in its failure to rule on his motion to enforce this sentencing agreement and that we should instruct the government to honor its accord or remand with instructions to impose 108 months. We hold that the record shows that Mikaelian failed to accept an offer of a 108–month sentence before the expiration of that offer, and that subsequent negotiations failed to yield a sentencing accord. Thus the district court did not err in refusing to rule on the motion to enforce the sentencing "agreement," and there is no basis to remand with instructions to impose a sentence of 108 months.

VI. Impurity of heroin

Shortly before the remand hearing, Mikaelian filed a notice of motion for a downward departure based upon the unusual impurity of the drugs in the instant matter and an alternative motion for the appointment of a forensic chemist. Mikaelian argues that the district court erred in denying the motion. We hold that the district court properly denied this motion on the ground that it was outside the scope of the remand order.

VII. Reassignment of case by random selection in open court

Mikaelian contends that the remanded case should have been reassigned by a magistrate in open court in his and his counsel's presence. Because neither he nor his counsel were present at the reassignment, Mikaelian argues that General Order 224 of the Central District Court of California, his due process rights, and his rights under the Sixth Amendment were violated, and that the district court erred in denying his motion for discovery relating to the reassignment.

■ We hold that although General Order 224 provides for the assignment of new

cases at arraignment, it does not require that a reassignment upon remand be in open court in the presence of a defendant and his counsel. "Although the right of a defendant to be present at his trial is 'ancient and well-established,' it is not all encompassing or absolute...." *United States v. Veatch,* 674 F.2d 1217, 1225 (9th Cir.1981) (citations omitted). Because Mikaelian has not shown that his absence prejudiced the fairness of the case assignment or the fairness of his hearing, we hold that his due process rights and rights under the Sixth Amendment were not violated by the reassignment procedure. *See id.* As the reassignment was not improper under the local rules or the Constitution, the district court did not abuse its discretion in denying Mikaelian's alternative motion to discover all records pertaining to the reassignment. *See Omene,* 143 F.3d at 1170.

VIII. Restitution order

Mikaelian argues that the district court erred in ordering restitution in the amount of $2,350,000. The *Mikaelian I* panel held that the first district court abused its discretion in ordering restitution of $2,435,280 (the amount of taxes evaded) because "there [wa]s no indication in the record that the court considered Mikaelian's future ability to pay any significant amount of restitution." *Mikaelian I* at 391. Although the PSR had concluded that "it appears as if the defendant does not have the ability to pay restitution," the government submitted evidence of other assets and of an earlier large financial transaction not identified in Mikaelian's affidavit. The first district court ordered restitution in the above amount and indicated that the probation officer could adjust the amount if the officer concluded that Mikaelian did not have the ability to pay. The *Mikaelian I* panel held that this ruling was contrary to the holding in *United States v.*

*Stoddard,* 150 F.3d 1140 (9th Cir.1998), that "'at the time restitution is ordered the record must reflect some evidence the defendant may be able to pay restitution in the amount ordered in the future.'" *Stoddard,* 150 F.3d at 1147 (quoting *United States v. Ramilo,* 986 F.2d 333, 336 (9th Cir.1993)). The *Mikaelian I* panel also held that the district court improperly delegated to the probation officer the determination of the amount of restitution owed. Mikaelian contends that the district court abused its discretion when it imposed restitution of $2,350,000 on remand because, like the first district court, it also failed to consider Mikaelian's future ability to pay.

Under the Victim and Witness Protection Act ("VWPA"), "[t]he court, in determining whether to order restitution ... shall consider ... the financial resources of the defendant, the financial needs and earning ability of the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3663(a). Section 3664(e) provides that "the burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependants[] shall be on the defendant."

 We have read the record of the hearing on remand to the district court and conclude that Mikaelian failed to carry the burden imposed on him by § 3664(a). Mikaelian's attorney stated that he had insufficient assets to pay more than $20,000 in restitution, but he made no attempt to put on any evidence to that effect. We also note that the district court invited Mikaelian to return to court, either during his imprisonment or his supervised release, to make an application to change the amount of restitution.

AFFIRMED.